IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nationstar Mortgage, LLC, | C/A No. 3:17-1743-MBS-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Annette I. Riley Clarke, *also known as*, Annette I. Riley; Marlon Clarke; Cach, LLC; Bank of America, N.A.; Wells Fargo Bank, N.A., | |
| Defendants. | |

Annette I. Riley Clarke filed a notice of removal which purports to remove Civil Action No. 2014-CP-32-04060 from the Lexington County Court of Common Pleas. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).[1] Having reviewed the pleadings in accordance with applicable law, the court concludes that this case should be remanded *sua sponte* to the Lexington County Court of Common Pleas for lack of subject matter jurisdiction.

**I.    Procedural Background**

Plaintiff-Mortgagee Nationstar Mortgage, LLC brought this foreclosure action against Defendants-Mortgagors Annette I. Riley Clark and Marlon Clarke in the Lexington County Court of Common Pleas on November 7, 2014.[2] Annette Clarke filed this notice of removal on July 5,

---

[1] Clarke is proceeding in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.

[2] Cach, LLC; Bank of America, N.A.; and Wells Fargo Bank, N.A. appear to be lienholders of the subject property.

2017. Plaintiff asserts this matter presents several federal questions and cites to numerous legal cases, statutes, and government publications that have no application to a foreclosure action.

**II.    Discussion**

As an initial matter, it appears removal of this case was improper. Clarke attempts to remove this case more than a year after she was served with the initial complaint. Therefore, this case was filed well past the 30-day limitation on removal imposed by 28 U.S.C. § 1446(b), which is grounds for immediate remand to state court. See FHC Options, Inc. v. Sec. Life Ins. Co. of Am., 993 F. Supp. 378, 380 (E.D. Va. 1998) ("[The] failure to comply with the 30-day limit is grounds for immediately remanding a removed case to state court[.]") (citing N. Ill. Gas Co. v. Airco, Inc., 676 F.2d 270, 273 (7th Cir. 1982)). Also, all properly joined and served defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). However, Clarke provides no indication that the other defendants in the state foreclosure action have consented to the removal of this matter. See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006) (holding that the failure of all defendants to join in the removal petition constituted an error in the removal process); Wells Fargo Bank, N.A. v. Hunt, C/A No. 6:13-1333-MGL-KFM, 2013 WL 6383255, at *3 (D.S.C. Nov. 22, 2013) (order adopting and incorporating report and recommendation for remand of foreclosure action due to lack of jurisdiction and because not all defendants joined in the notice of removal). Accordingly, Clarke's failure to comply with 28 U.S.C. § 1446(b) is grounds for remand. Moreover, as discussed below, the instant case would be subject to remand even if these statutory requirements were met because it appears the court lacks subject matter jurisdiction over this matter.

Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it



are properly subject to such jurisdiction.  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Generally, a case can be filed in federal district court if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have been originally filed there.  See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002).  However, the removing defendant has the burden of establishing subject matter jurisdiction, Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994), and a district court may *sua sponte* remand a case to state court if federal jurisdiction is lacking.  See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

The United States Supreme Court has commanded that, when considering jurisdiction over a removed case, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (internal quotation marks and citation omitted).  In addition, "[r]emoval statutes must be strictly construed against removal," Scott v. Greiner, 858 F. Supp. 607, 610 (S.D. W. Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction."  MarsClarke v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").  In the case at bar, the court finds Clarke failed to establish jurisdiction based on a federal question or diversity of citizenship, and no other source of jurisdiction is apparent from the pleadings.

It is well settled that a federal question must be presented on the face of a plaintiff's complaint to satisfy federal question jurisdiction.  Harless v. CSX Hotels, Inc., 389 F.3d 444, 450

(4th Cir. 2004) (discussing the well-pleaded complaint rule). Further, a plaintiff may avoid federal jurisdiction by exclusively relying on state law. Caterpillar Inc. v. Williams, 482 U.S. 386 (1987). In the present case, Clarke seeks to remove a state law foreclosure action, but Nationstar Mortgage's Complaint contains no federal question on its face, and no federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." Burbage v. Richburg, 417 F. Supp. 2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014) (collecting cases); Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013) (adopting report and recommendation remanding foreclosure case to state court). To the extent Clarke attempts to raise defenses to the foreclosure action based on a federal law, such defenses do not establish federal question jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."). Accordingly, federal question jurisdiction is lacking in this case.

Moreover, this case may not be removed based on diversity of citizenship because it appears at least one of the defendants is a citizen of the forum state. Federal court jurisdiction based on diversity of citizenship requires complete diversity of citizenship of the parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> > (1) citizens of different States[.]

*PJG*

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn.13-16 (1978). However, a defendant may not remove an action where any defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005); see also Phillips Constr., LLC v. Daniels Law Firm, PLLC, 93 F. Supp.3d 544 (S.D. W. Va. 2015) ("This provision, commonly known as the 'forum defendant rule,' is separate and apart from the statute conferring diversity jurisdiction and confines removal on the basis of diversity to instances where no defendant is a citizen of the forum state.") (internal quotations omitted). Here, the record before the court indicates Annette Clarke is a citizen of South Carolina, and she has not provided any indication otherwise, as is her burden. See Mulcahey, 29 F.3d at 151. Therefore, to the extent Clarke seeks removal based on diversity of citizenship, removal is barred by § 1441(b)(2).

Based on the preceding analysis, the court finds that removal of this matter was improper, the court lacks subject matter jurisdiction in this matter, and the matter should be remanded *sua sponte* to state court. See Ellenburg, 519 F.3d at 196 ("In the case where remand is based on lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act.").

PJG

**III.     Conclusion**

Accordingly, the court recommends that this matter be remanded for lack of subject matter jurisdiction.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 9, 2017
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).